IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE EDWARD TABOR, Sr., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-251 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Willie Edward Tabor's application for benefits. In accordance with the analysis below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff, who was born in 1959, applied for Title II and Title XVI benefits on February 17, 2010, alleging an initial onset date of July 6, 2008. (Pl.'s Br., Doc. 8, p. 2). Plaintiff claimed, at his administrative hearing, to suffer from "insulin dependent diabetes mellitus, asthma, arthritis," and "heart problems that have shown up as hypertension, congestive heart failure [and] cardiomyopathy." (R. 43). Plaintiff previously worked as a "laborer" for companies such as Easterlin Pecan Company; Taylor Grading and Excavating, LLC; Stanford Refrigerated Warehouses; and Rogers, Inc. (R. 43-58, 170-74). His symptoms include fatigue, aches and pains, cramps, and shortness of breath. (R. 61-68).

Plaintiff's applications were denied initially and on reconsideration, (R. 82-85), and on April 27, 2012, a reviewing Administrative Law Judge ("ALJ") found Plaintiff "not disabled"

1

within the meaning of the Social Security Act. (R. 18-30). Plaintiff then sought review before the Appeals Council, which denied review in Plaintiff's case on May 16, 2013. (R. 1-3). Plaintiff now seeks review before this Court pursuant to "sentence four" of 42 U.S.C. § 405(g). *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought under the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, nor substitute their judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. *Id.*

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no . . . presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. *Id.*

## EVALUATION OF DISABILITY

Persons are "disabled" for the purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

When evaluating a claimant's disability, the Commissioner follows a five-step "sequential evaluation procedure." 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner determines whether the claimant currently engages in substantial gainful activity. At step two, the Commissioner considers the medical severity of the claimant's impairments. Next, at step three, the Commissioner determines whether the severity of the claimant's impairments (i) meet or equal the severity of one or more of the impairments specified in the listing of impairments; and (ii) meet the duration requirement. If so, the sequential evaluation procedure stops and the claimant is declared "disabled." If not, the Commissioner assesses the claimant's residual functional capacity, ("RFC"), which is defined as "the most you can still do

despite your limitations." 20 C.F.R. § 404.1545(a)(1). The Commissioner then proceeds to step four where, based on her RFC assessment, she evaluates the claimant's ability to return to past relevant work despite his or her medically-determinable impairments. Finally, at step five, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of his or her RFC, age, education, and work experience.

## DISABILITY EVALUATION IN PLAINTIFF'S CASE

Following the five-step sequential evaluation procedure, the reviewing ALJ made the following determinations in Plaintiff's case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, July 6, 2008. (R. 20-21). At step two, the ALJ found that Plaintiff had the following severe impairments: "cardiomyopathy, diabetes mellitus, arthritis, hepatitis, history of bronchial asthma, and obesity." (R. 21-23). The ALJ also noted that Plaintiff was noncompliant regarding his hypertension, and that Plaintiff's polysubstance abuse problems caused no more than minimal limitations in his ability to perform basic work activities. (*Id.*).

At step three, the ALJ found that Plaintiff's impairments did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23). Therefore, the ALJ assessed Plaintiff's RFC and found that Plaintiff could perform:

> light work . . . with exceptions. [Plaintiff] can tolerate up to frequent exposure to pulmonary irritants such as odors, dusts, gases, fumes and poorly ventilated areas.
>
> (R. 23)

Based on this RFC finding, the ALJ found, at step four, that Plaintiff was able to perform his past relevant work as a sheller. (R. 28). The ALJ also made alternative step-five findings, and determined that Plaintiff could also work as a "Router/routing clerk," "Mail sorter," and "Storage

rental clerk." (R. 29). Accordingly, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act. (R. 30).

## ANALYSIS

Because substantial evidence supports the ALJ's findings, the Commissioner's decision should be affirmed. Plaintiff argues that the ALJ (a) failed to articulate good cause for discounting the opinion of Dr. Gohar Saeed, Plaintiff's treating cardiologist; and (b) erred in failing to limit Plaintiff to sedentary work.[1] (Pl.'s Br., Doc. 8, pp. 2-8; Reply, Doc. 10, pp. 1-4). These arguments are not distinct. Rather, Plaintiff maintains that Dr. Saeed's opinion supports a sedentary RFC, and that Plaintiff, given his age, education and work ability, cannot perform even sedentary work. (Pl.'s Br., Doc. 8, pp. 7-8). Had the ALJ properly considered Dr. Saeed's opinion, Plaintiff argues, a finding of "disabled" would have been compelled under the Medical Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

Presumably, the particular "opinion" Plaintiff refers to is a "diagnostic impression" report dated May 6, 2009. (R. 283). In that report, Dr. Saeed indicated, among other things, that Plaintiff suffered from "Cardiomyopathy (NYHA Class II-III)." Plaintiff's counsel cited this report at Plaintiff's administrative hearing, arguing that:

> [Dr. Saeed] opined . . . that [Plaintiff] had a New York heart association classification that was somewhere between two and three[. I]f that were accepted as credible[, it] would basically put [Plaintiff] at sedentary since it means that ordinary activity causes symptoms, and [Plaintiff] would grid as of his 50th birthday.

(R. 43)

---

[1] Plaintiff also argued, in one sentence, that the ALJ erred in failing to discuss the findings of Dr. Maria Cruz, a non-examining medical evaluator, and that this legal error alone warrants remand. (Reply, Doc. 10, p. 2). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Rather, so long as the record does not contain prejudicial evidentiary gaps, and so long as meaningful review is therefore possible—as it is here—the Commissioner's decision must be affirmed if it is supported by substantial evidence.

Treating medical sources' opinions are ordinarily entitled to substantial weight under Eleventh Circuit law. Indeed, pursuant to the "treating physician rule," the opinions of treating medical sources "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Good cause, in turn, exists only when "the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

In this case, though, the ALJ did not, in fact, discount Dr. Saeed's opinion. The ALJ properly noted that:

> Dr. Saeed opined that [Plaintiff's] heart condition was consistent with New York Heart Association Class II-III designation, suggesting at Class II a slight limitation of physical activity, and at Class III, a marked level of limitation on physical activity, essentially comfortable only at rest.
>
> (R. 27)

Given the nature of the NYHA functional classification system,[2] the ALJ accurately concluded that Dr. Saeed's findings fell in a "wide range." (*Id.*). Within this range, in determining whether Plaintiff's functional limitations were "marked" or merely "slight," the ALJ properly considered:

- Findings by Dr. Saeed dating from January 2009 indicating that Plaintiff "had only mild chest discomfort and mild shortness of breath with walking;" (R. 26, 284);
- Findings by Dr. Saeed dating from October 2009 indicating that Plaintiff had "no chest pain, tightness or pressure," and "[n]o shortness of breath;" (R. 26, 282);

---

[2] There are only four functional classes in the NYHA classification system. These classes range from "the inability to carry on any physical activity without discomfort," (Class IV), to "no limitation of physical activity," (Class I). Class II encompasses patients with "slight limitation[s] of physical activity," whereas Class III encompasses patients with "marked limitation in physical activity."

*See* http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp.

- Plaintiff's own testimony concerning his post-alleged-onset activities, which included mowing lawns, performing household chores, and collecting scrap metal; (R. 23-24, 26, 47-50);

- Extensive evidence of Plaintiff's noncompliance with medical instructions, and his continued consumption of alcohol and cigarettes against medical advice; (R. 26-27); and

- The fact that Plaintiff performed light work for three months in 2011 for the Easterlin Pecan Company, and that Plaintiff stopped working only because his job was "seasonal." (R. 27, 48).

All of these factors support the ALJ's conclusion that within the range of Class II-III proposed by Dr. Saeed, "the Class II level more appropriately describes [Plaintiff's] abilities." (R. 27). Those same factors, along with Dr. Saeed's May 2009 report, also support the ALJ's decision to limit Plaintiff to "light work," as opposed to merely "sedentary work." Accordingly, the ALJ did not err.

## CONCLUSION

Because the ALJ did not discount Dr. Saeed's opinion, and because substantial evidence supports the ALJ's findings regarding Plaintiff's limitations, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 19th day of June, 2014.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge